**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA PHILADELPHIA DIVISION**

ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,

Plaintiff

vs.

CAREFIRST OF MARYLAND INC. D/B/A BLUE CROSS AND BLUE SHIELD OF MARYLAND, GROUP HOSPITALIZATION AND MEDICAL SERVICES INC., ABC COMPANIES 1-100, AND JOHN DOES 1-100

Defendants

CASE NO. 2:24-cv-00917-MRP

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

I.

NATURE OF THE CASE

1. This is a breach of contract action. Defendant intentionally and unlawfully refused to pay Plaintiff for services rendered. Plaintiff will be seeking actual damages of $220,263.00, plus punitive damages, interest, and costs of suit, including attorney's fees.

2. Plaintiff's claims arise from Defendants' intentional, unlawful, and long-standing refusal to properly pay more than $220,263.00 for services Plaintiff rendered to Defendants' subscribers over an extended period. Pursuant to applicable law, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendants' subscribers and/or members processed and paid promptly. Instead, Defendants regularly refused to pay and/or underpaid claims correctly and accurately submitted by Plaintiff or simply failed to respond in any way to numerous claims submitted by the Plaintiff, all in violation of applicable state and federal law.

3. Indeed, as set forth more fully below, in many of the instances where Defendants did respond, Defendants offered spurious explanations – obviously created from whole cloth – to provide pretextual grounds designed to permit Defendants to either avoid paying altogether, or to substantially underpay, legitimate claims submitted by the Plaintiff.

4. More specifically, Defendants improperly refused to pay (or underpaid) Plaintiff thousands of dollars for services it rendered to numerous of Defendants' subscribers and/or members for numerous pretextual reasons, including purported, (a) lack of adequate claim information provided by Plaintiff; (b) untimely filing of claims; (c) lack of coverage by the subscribers/members for the services provided; and/or (d) failure to meet conditions of coverage. For the claims at issue in this matter, these purported bases for denial of coverage were entirely groundless and have deprived the Plaintiff thousands of dollars to which it was rightfully entitled to receive.

5. As a result of Defendants' refusal and failure to abide by its obligations, as well as its duties of good faith and fair dealing owed to Plaintiff, the Plaintiff was compelled to bring this matter before the Court, seeking substantial damages incurred by it as a proximate result of the Defendants' actions and/or omissions.

II.

PARTIES

6. Plaintiff is a New Jersey limited liability company authorized to conduct business in the Commonwealth of Pennsylvania. At the time of the events made the subject matter of this litigation, it held a medical laboratory testing license issued by the Commonwealth of Pennsylvania, and it maintained its principal place of business at 900 Town Center Drive, Suite H50, Langhorne, Pennsylvania 19047. At all relevant times, Plaintiff was an out-of-network provider of laboratory testing services to Defendant's subscribers/members, who provided such services to, among other places, individuals who reside in Bucks County, Pennsylvania.

7. Defendant CareFirst of Maryland Inc. d/b/a Blue Cross and Blue Shield of Maryland ("CFM" or "Defendant") is an independent licensee of Blue Cross and Blue Shield Associtation and is a nonprofit healthcare company existing under the laws of Maryland and can be served with process at 1501 South Clinton Street, Baltimore, Maryland 21224.

8. Defendant Group Hospitalization and Medical Services Inc. (GHMS), is a corporation that is organized and existing under the laws of Washington D.C., with its principal place of business located at 840 First Street, N.E., Washington D.C. 20065.

III.

JURISDICTION and VENUE

9. Subject matter jurisdiction of this action is proper herein by virtue of 28 U.S.C. §1332(a)(1) and (c), as well as 28 U.S.C. §1367. The Court has personal jurisdiction over the Defendant in accordance with Fed. R. Civ. P. 4 and 42 Pa. C. S. §5301(a)(2).

10. Venue is proper in this Court in furtherance of 28 U.S.C. §1391(b)(2) because a substantial part of the events, transactions and/or occurrences giving rise to Plaintiff's claims set forth herein occurred within this judicial district.

IV.

FACTUAL BACKGROUND

11. At all times material to the events made the subject matter of this lawsuit the Plaintiff operated a licensed medical testing laboratory business based in Langhorne, Pennsylvania. The Plaintiff performed clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services on specimens submitted by medical service providers, on behalf of Defendant's subscribers/members, for numerous patients located throughout the United States (the "Laboratory Testing Services").

12. The requisitions for laboratory testing services that were submitted on behalf of Defendant's insureds contained assignments of benefits, which created contractual obligations on the part of the Defendant to pay for the Laboratory Testing Services that were provided by the Plaintiff to Defendant's insureds/members/subscribers.

13. Attached to this first amended complaint and incorporated herein for all purpose as Exhibit "1" is a spreadsheet setting forth the patients who were rendered Laboratory Testing Services, the dates of service, the amounts billed for those services, and their respective ascension numbers. Each of those patients executed an assignment of benefits with respect to their original requisitions for services, thereby creating an assignment of contractual rights from the patients in favor of the Plaintiff.

14. By virtue of the patients' execution(s) of their respective assignment of benefits on the requisition of services forms submitted to the Plaintiff and thereafter Plaintiff's tendering of

Laboratory Testing Services to each of the Defendants' subscribers/members, contractual obligations arose between the Plaintiff and Defendants with respect to each of the patients listed in Exhibit 1. As Plaintiff has come to learn, the Defendants - over an extended period of time - blatantly disregarded, among other of its duties, express obligations to pay Plaintiff for services rendered.

15. By tendering Laboratory Testing Services to the Defendants' subscribers/members, a contract was created between the Plaintiff and Defendants. As Plaintiff has come to learn, the Defendants – over a period of five (5) years – blatantly disregarded, among other of its duties, Defendants' express payment obligations to Plaintiff.

16. Indeed, it has become apparent that Defendant engaged in a long campaign designed to deprive Plaintiff of compensation to which it is rightfully owed for services Plaintiff rendered to Defendants' subscribers and/or members. To advance this campaign, Defendants repeatedly either *failed to respond at all to properly submitted claims* or fabricated some other basis to improperly refuse to make payment to Plaintiff.

17. By way of example only and without limitation, Defendants used the following contrived and meritless reasons for refusing and neglecting to properly process a myriad of Plaintiff's claims for payment: (i) lack of adequate claim information provided by Plaintiff; (ii) untimely filing of claims; and (iii) lack of coverage by the subscriber/member for the services provided.

18. Defendants' refusal to properly process and pay Plaintiff for the Laboratory Testing Services it rendered to Defendants' subscribers/members on these bases was entirely groundless, has deprived Plaintiff of compensation to which it is rightfully entitled and constitutes a material breach of Defendants' payment obligations.

V.

CAUSES OF ACTION

**A. COUNT 1 – Breach of Contract.**

19. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 18 above.

20. An assignment of benefits by a plan participant or beneficiary to a medical service provider such as the Plaintiff transfers to such provider the insured's right to payment under a plan and his right to sue for that payment. As such, the contractual obligations which arose between the Plaintiff and Defendants via the assignments of benefits executed by the insureds listed in the attached Exhibit 1, constitute valid and binding contract(s) between Plaintiff and Defendants as to each of the insureds listed in the attached Exhibit 1(collectively referred to hereinafter as the "Contract").

21. Plaintiff has performed all of its obligations under the Contract, including without limitation properly submitting claims to Defendants, and has not breached any of the obligations between the parties.

22. Pursuant to the Contract, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendants' subscribers/members processed and paid promptly by Defendant.

23. Instead, Defendants repeatedly breached the Contract by either failing to respond at all to properly submitted claims or, for those claims in which Defendants did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless.

24. Because of Defendants' multiple breaches of the Contract, Plaintiff has been deprived of compensation to which it is contractually (and otherwise) entitled. The Defendants have not made any payments whatsoever to the Plaintiff, and the current balance due and owing totals $220,263.00 for Laboratory Testing Services rendered by the Plaintiff to the Defendants' subscribers and/or members.

25. Defendants' failure to pay Plaintiff as required under the Contract (and applicable law) has proximately caused damages to Plaintiff in an amount to be determined by the trier of fact at trial.

**B. COUNT 2 – Breach of Implied Covenant of Good Faith and Fair Dealing.**

26. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 25 above.

27. The Contract constitutes a valid and binding agreement between Plaintiff and Defendants with respect to each of the patients listed in Exhibit 1.

28. Every contract in Pennsylvania imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. Hence, implied in all contracts is a covenant of good faith and fair dealing.

29. Defendants' actions here, including but not limited to, its failure and/or refusal to respond at all to properly submitted claims or, for those claims in which Defendants did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless, breached this implied covenant.

30. Defendants' breach of the implied covenant of good faith and fair dealing with respect to the contractual obligations that arose in regards to the patients listed in the attached Exhibit 1 proximately caused damages to Plaintiff in an amount not less than $220,263.00.

C. COUNT 3 – **Negligent Misrepresentation; Equitable and Promissory Estoppel.**

31. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 30 above.

32. Over the course of five (5) years, the Plaintiff submitted dozens of claims to the Defendants regarding Laboratory Testing Services rendered to the patients listed in Exhibit 1. Defendants' representatives not only requested those services on behalf of the Defendants' members/subscribers, but represented to the Plaintiff that those patients/insureds were all covered by policies of insurance issued by the Defendants, and that the Defendants would pay for the services to be rendered by the Plaintiff to the Defendants' insureds. The Defendants' insureds were each a beneficiary of the services rendered by the Plaintiff over the course of those five (5) years, and because of the assignment(s) of benefits executed by those patients, contractual rights were assigned by Defendants' insureds in favor of the Plaintiff, which obligated the Defendants to pay for those Laboratory Testing Services.

33. Defendants, by virtue of its course of conduct, did pay on a number of claims submitted by the Plaintiff. However, it did not pay and/or underpaid the vast majority of claims submitted by Plaintiff over the course of five (5) years. Defendants' course of conduct constituted a representation to the Plaintiff that it would continue to pay for Laboratory Testing Services rendered by Plaintiff. The Plaintiff relied upon the representations and course of conduct between Defendants and Plaintiff. Plaintiff's reliance reasonable and justified.

34. As a result, Defendants are precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff because Plaintiff in good faith relied upon Defendants' representations and the parties' course of dealings. Plaintiff was induced to adversely change its position because Plaintiff provided Laboratory Testing Services to Defendants'

subscribers and/or members under the belief that it would be compensated by Defendants for those services.

35. Moreover, Defendants are precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff because Plaintiff in good faith relied upon and expected Defendants to comply with its payment obligations.

36. Defendants have demonstrated that that it did not intend to reimburse Plaintiff for providing Laboratory Testing Services for Defendants' subscribers and/or members in accordance with Defendants' own reimbursement standards and protocols.

37. Thus, Defendants are also precluded from repudiating its payment and other contractual and statutory obligations because to do so would be violative of the demands of justice and good conscience, whether such failure arose by silence or omission where one has a duty to speak or act.

38. By failing to pay Plaintiff the usual, customary, and reasonable charges for its professional services, in accordance with Defendants' own reimbursement standards and protocols, Defendants breached its obligation to reimburse Plaintiff for providing testing services for Defendants' subscribers and/or members. Accordingly, Defendants have proximately caused damages to Plaintiff in an amount to be determined by the trier of fact at trial.

**D. COUNT 4 – Quantum Meruit // Unjust Enrichment.**

39. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs 1 through 38 above.

40. In performing Laboratory Testing Services for Defendants' subscribers and/or members, for which Defendants did not pay, or paid at amounts far below those required by

Defendants' own policies and protocols, Plaintiff conferred a benefit upon Defendants' subscribers and/or members and, therefore, upon the Defendants.

41. Defendants have enriched itself at Plaintiff's expense by failing and refusing to compensate Plaintiff for providing Laboratory Testing Services to Defendants' subscribers and/or members, including without limitation COVID-19 testing under the Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act, and instead Defendants are using those funds for Defendants' own purposes.

42. It is against equity and good conscience to permit Defendants to retain the money it intentionally and wrongfully failed to pay to Plaintiff.

43. Plaintiff is therefore entitled to recover all funds it is owed for providing Laboratory Testing Services, including without limitation COVID-19 testing under the FFRCA and the CARES Act, which Defendants intentionally and wrongfully failed to pay to Plaintiff.

44. By reason of the unjust enrichment of Defendants at Plaintiff's expense, Plaintiff is entitled to judgment against Defendants in the amount of not less than $220,263.00, plus interest.

## VI.

## DAMAGES AND ATTORNEY'S FEES

45. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations and allegations set forth in paragraphs 1 through 44 above.

46. Plaintiff requests all damages, compensatory, direct, general and/or special, legal, and equitable, punitive and/or exemplary, as allowed by law; in excess of the minimum jurisdictional limits of the Court. The Plaintiff also requests judgment for all other relief to which it may show itself entitled to receive.

47. To the extent allowed by either contract, statute, common law, or equity, Plaintiff additionally seeks to recover its reasonable and necessary attorney's fees incurred by it with respect to the claims and/or defenses asserted in this lawsuit.

VII.

PRE – AND POST-JUDGMENT INTEREST

48. Plaintiff hereby pleads for pre-judgment interest at the maximum rate allowed by law. Plaintiff further pleads for post-judgment interest at the maximum rate allowed by law.

VIII.

COSTS OF COURT and OUT-OF-POCKET EXPENSES

49. Plaintiff pleads for all costs of court and out-of-pocket expenses incurred during its prosecution of the instant lawsuit.

IX.

JURY DEMAND

50. In furtherance of 231 Pa. Code §1007.1, Plaintiff hereby demands a trial by jury on all issues of fact raised herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics prays for judgment against CareFirst of Maryland Inc. d/b/a Blue Cross and Blue Shield of Maryland and Group Hospitalization and Medical Services Inc., and requests the Court to award it the following damages in this case:

(a) compensatory, direct, or actual damages in the amount of not less than $220,263.00;

(b) all legal, equitable, consequential, and/or incidental damages as determined by the trier of fact;

(c) punitive and/or exemplary damages as determined by the trier of fact;

(d) attorney's fees, costs of court, and out-of-pocket expenses;

(e) pre- and post-judgment interest at the highest rate(s) allowed by law; and

(f) all such other and further relief, either at law or in equity, as may be deemed appropriate by the Court.

Respectfully submitted this 25th day of June 2024.

ABIRA MEDICAL LABORATORIES, LLC

By: /s/Joshua Cohen

Joshua Cohen, Esq. (Pa. ID No. 330855)
Afiyfa H. Ellington, Esq. (PA ID No. 331322)
**Abira Medical Laboratories, LLC**
257 Route 33 /Suite 12/#322
Hamilton Square, NJ 08693
(212) 220-1616
jcohen@genesisdx.com
aellington@genesisdx.com

ATTORNEY FOR PLAINTIFF,
ABIRA MEDICAL LABORATORIES,
LLC d/b/a GENESIS DIAGNOSTICS

# VERIFICATION

I, Abraham Miller, being of full age and duly sworn according to law upon my oath, depose and say:

1. I am the Vice President of Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, a limited liability company of the State of New Jersey.

2. I have read the foregoing Second Amended Complaint, and the information contained therein is true and accurate based upon my personal knowledge and information.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**ABRIA MEDICAL LABORATORIES, LLC**
**D/B/A GENESIS DIAGNOSTICS**

Dated: June 25, 2024

___________________________________
Abraham Miller, Vice President